198 N.J. Super. 585 (1985)
487 A.2d 1294
ESTATE OF MARY ARTZ, DECEASED, PLAINTIFF-APPELLANT,
v.
JAY ARTZ, DEFENDANT-RESPONDENT.[1]
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1985.
Decided February 6, 1985.
*586 Before Judges FRITZ, GAULKIN and LONG.
Norman L. Zlotnick argued the cause for appellant (Blatt, Mairone, Biel, Zlotnick, Feinberg & Griffith, attorneys).
Richard T. Fauntleroy argued the cause for respondent (Tomar, Parks, Seliger, Simonoff & Adourian, attorneys).
PER CURIAM.
Jay R. Artz, respondent here, was charged with murdering his mother. He was tried by a judge sitting without a jury and was acquitted on the basis of insanity. In the matter before us the estate of the mother and others seek an adjudication as to the question whether Jay, having murdered his mother, is precluded from participating in any of the proceeds of her estate. The trial judge, defining his obligation as one implicating "the necessity to determine whether Jay Artz is responsible for the intentional killing of his mother," held that he was not precluded from participation in her estate. Barton Arntz (sic), another son of the slain mother and a plaintiff below, appeals. We affirm.
Concluding a detailed and articulate oral opinion which would justify affirmance for the reasons therein expressed, Judge Connor in the trial court determined that Jay Artz "did, in fact, kill his mother," but that "he did not do so intentionally within *587 the meaning of New Jersey Statute 3A:2A-83," as a result of which "he is not precluded from taking under her will or from benefiting from the life insurance policy." These conclusions are bottomed on facts expressly found which might readily have been reached on sufficient credible evidence in the whole record, Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474 (1974), and represent governing law.
The common law of this State, for reasons well explicated by Judge Matthews in Campbell v. Ray, 102 N.J. Super. 235 (Ch.Div. 1968), aff'd o.b. 107 N.J. Super. 509 (App.Div. 1969), aff'd o.b. 56 N.J. 52 (1970), established that "a killing, committed without intent because of disease of the mind" was not "a wrong such as to bar [the killer] from receiving benefits which arise solely because of the death of an individual which in fact was not intended" in that legal sense. With the trial judge here, we are satisfied that N.J.S.A. 3A:2A-83, in effect at the time of the death of the mother, represented a codification of this stated common law. By its terms it associated the disenfranchising volition referred to therein with the criminal definition by directing that "[a] final judgment of conviction of intentional killing is conclusive for purposes of this section," and instructing that in the absence of this collateral proof, the court should determine "whether the killing was intentional." N.J.S.A. 3A:2A-83 e. No other standard having been set forth in this detailed statute, we can conceive of no other standard being intended than the one referred to with respect to the conclusive presumption, i.e., the criminal definition of intent.
We also agree with the trial judge that this view is reinforced by the statute replacing N.J.S.A. 3A:2A-83 on its repeal: N.J.S.A. 3B:7-1. That clarification removes all doubt of the legislative intention. It specifically refines the culpable activity to that of one who "criminally and intentionally kills."
Affirmed.
NOTES
[1] The caption, copied from the notice of appeal, is actually incorrect. The only appellant is Barton Arntz, who initiated one of the three actions instituted in connection with the problem before us. (The other two were by a life insurance company and by the bank which is the executor of decedent's will.) Arntz, a son of the decedent, was afforded the privilege under the will of qualifying with the bank as a coexecutor. It would appear that he did not avail himself of that privilege since we are told that only the bank qualified. Nevertheless, Arntz undertook to file a complaint, purportedly on behalf of the estate, for it was entitled simply "Estate of MARY ARTZ, Deceased." However, this complaint described the only plaintiff as Barton Arntz. (The complaint probably should have been entitled Arntz v. Jay R. Artz and the Estate of Mary Artz.) Subsequently, an order extending time of Jay R. Artz to answer and Artz' answer described Artz as the defendant and changed the entitlement to "ESTATE OF MARY ARTZ, Deceased v. JAY R. ARTZ." The judgment from which this appeal is taken bore that caption, together with the caption of the interpleader action filed by the insurance company. In order to avoid further confusion we have chosen to retain that caption even though, as we have noted above, we believe that Arntz had no right to entitle his personal action in a manner suggesting that it was brought by or on behalf of the estate by the fiduciary charged with the primary responsibility of defending the estate or seeking instructions with respect thereto.